## No. 4
### GRENDEL v. MARQUARDT et
Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6632. Decided June 21, 1926

Judges Roberts & Farr, 7th Dist., sitting.

**997. REAL ESTATE**—Where a contract to sell real estate is entered into and the owner subsequently decided not to go forward with the terms thereof, the failure of the purchaser to make tender of a specific down payment provided for in the contract is not necessary in order to protect such purchaser's rights, after an absolute refusal on part of the owner to go forward.

ROBERTS, J.

Alex Grendel instituted this action in the Cuyahoga Common Pleas against Fred Marquardt for the purpose of recovering damages for the alleged refusal of Marquardt to carry into effect a contract whereby the defendants agreed to sell and the plaintiff agreed to purchase certain real estate owned by the defendants.

The contract provided that Grendel was to pay $7500 for a certain two family house, $3000 down payment, the balance to be secured by a second mortgage payable at the rate of $35 per month, present owner to give a good and sufficient deed.

Fifty dollars was accepted by Marquardt to apply on the purchase price.

Marquardt admitted entering into a contract, but denied that a deed was to be placed in escrow and denied that Grendel ever made any demand upon him to convey said premises. A motion was made by Marquardt, at the close of Grendel's testimony, to arrest the evidence from the jury; and a verdict was directed against Grendel in compliance with the motion, the court however recognizing the offer by Marquardt to confess judgment for $50 in favor of Grendel.

Error was prosecuted and the Court of Appeals held:

1. The trial court was evidently of the opinion that Grendel had not introduced evidence sufficient to show a right of recovery or to constitute a cause of action; presumably upon the proposition that Grendel had not tendered the $3000 cash payment.

2. There is evidence in the record, which if pleaded, would indicate that such tender of performance on part of the plaintiff was not necessary for the reason that it was introcated that defendants decided not to go forward with the contract and had refused to carry it out according to its terms; and if

such be the fact then no preliminary tender was necessary by plaintiff.

3. It is further disclosed that defendants being dissatisfied with the $35 monthly payment, plaintiff agreed to increase same to $50.

4. There is testimony tending to indicate that the transaction was not carried out because defendants regretted the making of the contract; and in refusing to carry out the terms thereof, therefore plaintiff was not obliged to make a tender in order to protect his rights, after an absolute refusal on part of the defendants to go forward.

5. It seems that the plaintiff had $1000 of his own and one Cibula testified that he had in his possession $2000 which he agreed to loan to the plaintiff.

6. Grendel therefore had offered sufficient evidence to indicate a cause of action and a right of recovery to require its submission to the jury.

Judgment reversed and cause remanded.

(Farr, J., concurs.)

Attorneys—Fred E. Bruml for Grendel; Phillip Sampliner and Irwin Greenberg for Marquardt et; all of Cleveland.